IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFERY DAVID UPTAIN,

                         Plaintiff,

v.

JUNEAU CTY. JAIL,

                         Defendant.

OPINION and ORDER

22-cv-559-jdp

---

      Pro se plaintiff Jeffery David Uptain is detained at the Juneau County Jail. Uptain alleges that he slipped and fell when exiting the shower, which caused him to tear his ACL.

      Because Uptain proceeds in forma pauperis, I must screen his complaint under 28 U.S.C. § 1915(e)(2)(B). I must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Uptain's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a claim upon which relief may be granted, but I will allow Uptain to amend his complaint to fix the problems with his claim that he received inadequate medical care.

ALLEGATIONS OF FACT

      Uptain slipped and fell when exiting the shower because there was no "grip tape" outside the shower, causing him to tear his ACL. Twelve hours went by before Uptain was taken to the hospital. *Id.* Uptain alleges that he is a pretrial detainee and he seeks damages.

ANALYSIS

I will assume for screening purposes that Uptain is a pretrial detainee. According to the Offender Search webpage of Department of Corrections (DOC), Uptain has a DOC number and a status of activity community supervision with a sub-status of absconded. But this information does not compel the conclusion that Uptain is a convicted prisoner in view of Uptain's allegation that he is a pretrial detainee, the pendency of criminal charges against him, and other considerations. Because I have assumed that Uptain is a pretrial detainee, I will apply the Fourteenth Amendment to his claims, which challenge his conditions of confinement. *See Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019).

A. **Slip and fall**

An objective reasonableness standard governs Fourth Amendment conditions-of-confinement claims. *Id.* Uptain bases his slip-and-fall claim based on "the negligence of [the] facility." *See* Dkt. 5 at 11. Because Uptain "is claiming that county officials negligently provided unsafe shower facilities," his allegations are "insufficient to state a claim under the Due Process Clause [of the Fourteenth Amendment]." *See Murphy v. Walker*, 51 F.3d 714, 719 (7th Cir. 1995); *see also McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) ("[N]egligence, even gross negligence, does not violate the Constitution."); *Hernandez v. Bexar Cty. Sheriff's Dep't*, 770 F. App'x 703, 704–05 (5th Cir. 2019) (rejecting pretrial detainee's slip-and-fall claim); *Baker v. La Crosse Cty. Jail*, No. 21-CV-399-JDP, 2021 WL 4902451, at *1 (W.D. Wis. Oct. 21, 2021) (same). I will not allow Uptain to proceed on his slip-and-fall claim.

B. **Inadequate medical care**

The Fourteenth Amendment governs Uptain's claim that he received inadequate medical care. *See McCann v. Ogle Cty., Ill.*, 909 F.3d 881, 886 (7th Cir. 2018). To establish this

claim, Uptain must show that: (1) jail employees acted intentionally, knowingly, or recklessly when they considered the consequences of their actions; and (2) the employees' actions were objectively unreasonable. *Id.*

Uptain alleges that there was a 12-hour delay before he was taken to the hospital after slipping and falling. I will not allow Uptain to proceed on this claim because he has failed to identify what jail employees, if any, were responsible for this delay. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under [42 U.S.C.] § 1983 . . . requires personal involvement in the alleged constitutional deprivation." (alteration adopted)). Uptain names the jail as a defendant, but it "does not have the legal capacity to be sued" under § 1983. *See Morrison v. Brown Cty. Jail*, No. 21-CV-1436-PP, 2022 WL 1203042, at *2 (E.D. Wis. Apr. 22, 2022). In any case, without more supporting factual detail, the bare assertion that there was a 12-hour delay in taking Uptain to the hospital would not establish inadequate medical care. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Uptain needs to allege enough "factual content" to suggest that the jail employees intentionally, knowingly, or recklessly delayed his medical care in an objectively unreasonable manner. *See id.*; *McCann*, 909 F.3d at 886. I will not allow Uptain to proceed on this claim.

In drafting his amended complaint, Uptain should remember to do the following:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of federal law.

- Identify by full name all the individuals he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims he wishes to assert.

3

**C. Negligence**

It is unclear whether Uptain alleges a negligence claim under Wisconsin law. If he does, I will not allow him to proceed on it because I have dismissed his federal claims. *See Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (courts usually decline to exercise supplemental jurisdiction over "pendent state-law claims" if "all federal claims are dismissed before trial"). Uptain is free to allege a negligence claim in his amended complaint.

ORDER

IT IS ORDERED that:

1. Plaintiff Jeffery David Uptain's complaint, Dkt. 1, is DISMISSED for failure to state a claim upon which relief may be granted. Plaintiff's Fourteenth Amendment slip-and-fall claim is dismissed without leave to amend, and plaintiff's Fourteenth Amendment inadequate medical care claim is DISMISSED with leave to amend.

2. Plaintiff's negligence claim is DISMISSED because the court declines to exercise supplemental jurisdiction.

3. Plaintiff may have until May 4, 2023, to submit an amended complaint that fixes the problems with his inadequate medical care claim.

4. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages.

5. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

6. If plaintiff fails to file an amended complaint by the deadline set above, I may dismiss this case.

7. It is plaintiff's obligation to inform the court of any new address. If he fails to do this and defendant or the court is unable to locate him, this case may dismissed for failure to prosecute.

8. The clerk of court is directed to send plaintiff copies of this order and the court's prisoner complaint form.

Entered April 4, 2023.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge